**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**

United States of America,

Criminal No. 21-CR-20393

      Plaintiff,

Hon. Judith E. Levy

v.

Peter Burrell,

      Defendant.

_____/

**Government's Response to Peter Burrell's Letter Seeking Early**
**Termination of Supervised Release (ECF No. 368)**

Defendant Peter Burrell sent a letter to the Court that includes a request to terminate his supervised release early. (R. 368: Letter). The government opposes the motion.

Burrell was a patient recruiter who utilized a cadre of "fake" patients to obtain medically unnecessary and highly addictive opioid prescriptions. Once the prescriptions were filled, Burrell sold the pills for a substantial profit in the metropolitan Detroit area.

On November 9, 2021, Burrell pleaded guilty to a drug diversion conspiracy pursuant to a Rule 11 Plea Agreement, in which he agreed to serve a 3-year term of supervised release. (R. 99: Rule 11 Plea Agreement, PGID 256). In January 2024, the Court sentenced him to 30 months in prison and the agreed upon three-year term of supervised release. Burrell commenced supervision in May 2025, and his

supervision is scheduled to end in May 2028, meaning he is only 13 months through his 36-month term.

The Court should deny Burrell's motion. He has not demonstrated that his conduct on supervision warrants early termination or that such relief is in the interest of justice based on the nature of his crime, his criminal history, and because he has not shown he is negatively impacted by complying with supervision conditions.

### I. Argument

A. <u>Legal Standard</u>

The term of supervised release is an important component of a defendant's sentence and is a form of punishment that involves restrictions on liberty. *Gall v. United States*, 552 U.S. 38, 48 (2007). After a defendant has served at least one year of supervised release, a district court has the discretionary authority to grant an early termination of the remaining term if it is satisfied that doing so "is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). "The conjunction 'and' used in the statute clearly indicates that a district court must conclude that the early termination of supervised release is warranted both by the individual's conduct and also by the interest of justice." *United States v. Suber*, 75 F. App'x 442, 444 (6th Cir. 2003). In so determining, courts consider the sentencing factors under 18 U.S.C. § 3553(a). (*Id.*)

The Sixth Circuit recently clarified how district courts are to apply § 3583(e)(1) in *United States v. Hale*, 127 F.4th 638 (6th Cir. 2025). *Hale* criticized

the previously prevailing authority, *United States v. Atkin*, as "not correctly stat[ing] the legal standard when it said that early termination of supervised release is '*only* warranted' upon a showing of 'exceptionally good behavior.'" *Hale*, 127 F.4th at 641 (quoting *Atkin*, 38 F. App'x 196, 198 (6th Cir. 2002)) (emphasis in original).

That said, *Hale* confirmed that it was not saying "that a district court may not consider whether a defendant exhibited 'exceptionally good behavior' when exercising its broad discretion to resolve motions for early termination of supervised release," and "might expect that district courts will 'generally' find early termination proper only when exceptionally good conduct or other changed circumstances are present." *Id*. quoting *Melvin*, 978 F.3d 49, 53 (3rd Cir. 2020). That is because "compliance with all conditions 'is expected of an individual on supervised release.'" *Hale*, 127 F.4th at 641 quoting *United States v. Butler*, 2023 WL 6552878, at *2 (6th Cir. June 14, 2023). Even so, *Hale* held that the text of the statute did not support a "'blanket rule' requiring exceptional conduct as a prerequisite to early termination. *Id*. (quoting *United States v. Ponce*, 22 F.4th 1045, 1048 (9th Cir. 2022).

B. The Court Should Deny Burrell's Motion

Burrell has not shown that his conduct on supervision warrants early termination or that such relief is in the interest of justice, particularly given the nature of his crime, his criminal history, and the fact that he has not shown he is negatively impacted by complying with the conditions.

3

To begin, Burrell's crimes were serious. In approximately 12 months, about the duration he has served on supervised release, Burrell injected more than 30,000 opioid Schedule II controlled substances onto the streets, including the most highly abused and addictive pills: Oxycodone 30mg and Oxymorphone 40mg pills. As the Court knows, these are among the pills that have been feeding our nation's opioid epidemic, causing extensive harm – including addiction and overdose – to individuals and families across the country.

Tranquility was in essence a pill mill wherein controlled substance prescriptions were issued without medical necessity. While the organization required Dr. Sherman to achieve its goals by issuing thousands of prescriptions, Burrell's role was also invaluable to achieving the ultimate goal of the conspiracy, to earn cash. Burrell organized the patients, compensated the patients, paid for the prescriptions, paid to fill the prescriptions, and was paid cash for distributing the pills in Detroit.

Burrell engaged in this conspiracy to make money from the pain and addiction of others. Burrell made more than $9,000 in one transaction alone, when he sold 360 Oxycodone 30mg pills to a law enforcement source. In Southeast Michigan in 2020-21, Oxycodone 30mg pills sold for about $27-35 each, and Oxymorphone 40mg pills sold for about $60- 65 each. In other words, Burrell could – and did – sell one 90 count prescription for Oxycodone 30mg for about $2,700, and he could get even more for an Oxymorphone prescription.

His prior convictions include several drug offenses in the early 1990s, for which he served significant sentences. Based upon his conduct and prior criminal history, the Court appropriately sentenced him to a 30-month prison term and 3 years of supervised release considering all § 3553(a) factors.

The government acknowledges that Burrell has positive attributes. Burrell has successfully completed drug treatment programs and maintained his sobriety, is complying with the terms of supervised release, has remained employed, and has not engaged in criminal activity. While commendable, such compliance does not mean early termination is "warranted" or "in the interest of justice."

Burrell's main basis for seeking early termination is that he wants to move on with his life and fully reintegrate with family and community, but he has not specifically indicated how supervised release hinders him from successfully reintegrating with his family or community. In contrast, he has demonstrated that he can in fact successfully be involved with his community while on supervision, through organizations like The Greening of Detroit. Burrell has not demonstrated how the current conditions are unduly burdensome. Thus, he does not show that the "interests of justice" warrant early termination.

In the end, one purpose of supervised release is to help ensure that, after prison, a defendant transitions to society, and refrains from committing new offenses. While Burrell appears to have made progress, the government believes that he should serve the amount of time on supervision that he agreed to serve, and the

Court ordered.

The government requests that the Court deny Burrell's motion.

Respectfully submitted,

Jerome F. Gorgon, Jr.
United States Attorney

*s/Regina R. McCullough*
Regina R. McCullough
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, MI  48226
Regina.McCullough@usdoj.gov
Dated: June 5, 2026                          (313) 226-9618

6

## CERTIFICATE OF SERVICE

I hereby certify that on June 5, 2026, I electronically filed the foregoing document with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

None.

I further certify that I have mailed by United States Postal Service the document to the following non-ECF participants:

Peter Burrell
5931 Cromwell Road
West Bloomfield, MI 48322

*s/Regina R. McCullough*
Regina R. McCullough
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, MI  48226
Regina.McCullough@usdoj.gov
(313) 226-9618

7